**ICC INDUSTRIES INC.,**
**Plaintiff–Appellant,**

v.

**ISRAEL DISCOUNT BANK, LTD.,**
**Defendant–Appellee.**

No. 05–4258–CV.

United States Court of Appeals,
Second Circuit.

March 16, 2006.

Robert J. Basil, Collier & Basil, P.C., New York, NY, for Plaintiff–Appellant.

S. Robert Schrager, Hodgson Russ LLP, New York, NY, for Defendant–Appellee.

Present: RICHARD J. CARDAMONE, ROSEMARY S. POOLER, and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant ICC Industries, Inc. ("ICC") appeals from a decision of the United States District Court for the Southern District of New York dismissing its complaint on forum non conveniens grounds in favor of defendant-appellee Israel Discount Bank ("IDB"). We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal and affirm the decision of the district court.

We review a dismissal on the basis of forum non conveniens for abuse of discretion. *Carey v. Bayerische Hypo–Und Vereinsbank*, 370 F.3d 234, 237 (2d Cir.2004). "Where the district court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference." *Id.* (internal quotation marks omitted). Thus, we may not overturn the district court's decision unless we determine that its discretion has been clearly abused. *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 72 (2d Cir.2001). In conducting our extremely limited review of the district court's decision, we may vacate a dismissal granted for forum non conveniens if we believe that the court misapplied basic rules, reached a conclusion based on an erroneous interpretation of the law or a clearly erroneous finding of fact, reached a decision not within the range of possible decisions, or failed to consider the relevant factors. *Id.; Norex Petroleum Ltd. v. Access Indus.*, 416 F.3d 146, 153 (2d Cir.2005).

The analysis of whether to grant a motion for forum non conveniens proceeds in several stages. *See Iragorri*, 274 F.3d at 73. At the first stage, we determine the level of deference to give to plaintiff's forum. *See id.* There is a presumption that a United–States–resident plaintiff's choice of forum is valid, however, the deference given to this choice of home forum does not guarantee against dismissal for forum non conveniens. *Carey*, 370 F.3d at 238. Less deference is given to plaintiff's choice when the action is *not* in tort, when the

plaintiff sought out the transaction giving rise to the suit, when suit in the international forum was foreseeable in light of the transaction, and when the plaintiff is an organization—rather than an individual—that can easily handle the difficulties of engaging in litigation abroad. *See id.* Additionally, although we accord great deference to a plaintiff's choice of her home as the forum, this rule is not inflexible; rather, it is a sliding scale based on the conveniences of the situation. *Norex Petroleum Ltd.*, 416 F.3d at 154–55. Under this totality review, we consider many factors in determining the degree of deference. These include: the convenience of the forum to the plaintiff's residence, the availability of witnesses or evidence in the forum, the defendant's amenability to suit in the forum, the availability of appropriate legal assistance, and any other reasons relating to convenience or expense. *Id.* at 155. Tipping the scale away from plaintiff's choice of forum are those factors that are generally indicative of forum shopping. These factors include: attempts to win a tactical advantage resulting from local laws, a comparison of the generosity of juries in the two locales, plaintiff's or defendant's popularity in the region, and the inconvenience or expense to the defendant resulting from litigation in the chosen forum. *Id.* Even if we determine that the degree of deference properly afforded is substantial, it would not necessarily preclude dismissal. *Id.* at 157. It would merely re-calibrate the scales for the remaining two steps of the analysis. *Id.*

Next, we determine whether there is an adequate alternative forum. *Id.* We then balance two sets of factors to ascertain whether the case should be adjudicated in the first or second forum. *Iragorri*, 274 F.3d at 73. The first set of factors is the private-interest factors. *Id.* These include the relative ease of access to sources of proof, availability of compulsory process

for attendance of unwilling participants, the cost of attendance for these witnesses, and all other practical considerations. *Id.* at 73–74. We consider these factors with a mind toward a balancing of the relative hardships to the parties. *Id.* at 74. We also consider public-interest factors. *Id.* These include administrative difficulties, the burden of jury duty, and the community that is touched by the conflict. *Id.* "Thus, while plaintiff's citizenship and residence can serve as a proxy for, or indication of, convenience, neither the plaintiff's citizenship nor residence, nor the degree of deference given her choice of forum, necessarily controls the outcome." *Id.*

In the instant case, the district court proceeded through the stages of analysis outlined above and determined that when all appropriate factors were considered, the conveniences weighed in favor of granting the motion to dismiss. The court properly noted that deference should be given to plaintiff's choice of its home forum. It then explained why less deference is warranted given the following considerations: ICC decided to invest in an Israeli company and guaranty a loan to an Israeli bank; there is a foreseeable likelihood that Israeli law will apply to this action; and, the Israeli court determined that ICC raced to a U.S. court to gain a tactical advantage. The district court also correctly identified Israel as providing an adequate forum. Finally, it appropriately weighed the private and public factors. Even if we would have reached a different conclusion under the circumstances, we cannot say that the district court abused its discretion.

We therefore affirm the dismissal on forum non conveniens grounds. Because we affirm on this basis, we need not address IDB's contention that the complaint should have also been dismissed for want of personal jurisdiction.

For the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.